NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL HAMPTON; JACQUELINE HAMPTON, | No. 22-15481 |
| Plaintiffs-Appellees, | D.C. No. 3:21-cv-03058-LB |
| v. | MEMORANDUM[*] |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; SAN QUENTIN STATE PRISON; RALPH DIAZ; RONALD DAVIS, Warden; RONALD BROOMFIELD; CLARENCE CRYER; ALISON PACHYNSKI; SHANNON GARRIGAN; LOUIE ESCOBELL; MUHAMMAD FAROOQ; KIRK A TORRES; ESTATE OF ROBERT S. THARRATT, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted May 10, 2023
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FRIEDLAND and BENNETT, Circuit Judges, and R. BENNETT,[**] District Judge.

High-level officials within the California prison system ("Defendants") appeal from the district court's order denying in part their motion to dismiss. We address most of the arguments presented in this appeal in a published opinion filed concurrently with this memorandum disposition. Here, we address their familial-association claim and their requests for judicial notice.

1. This case involves a familial-association claim asserted by a spouse, rather than a parent or child. "We have not previously held whether a substantive due process right exists in that context, and other courts of appeals have reached conflicting conclusions." *Peck v. Montoya*, 51 F.4th 877, 893 (9th Cir. 2022). Plaintiff's due process right to familial association with her husband is therefore not "clearly established," *id.* at 887 (quotation marks omitted), and Defendants are entitled to qualified immunity on the familial-association claim. *Cf. Villanueva v. California*, 986 F.3d 1158, 1165 n.5 (9th Cir. 2021) (holding that whether a party had "Fourth Amendment standing" was part of the merits of the constitutional claim and accordingly must be clearly established "to overcome qualified immunity").

---

[**] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

2. Defendants ask us to take judicial notice of three categories of documents: (1) news articles describing COVID-19 guidance as it existed in the spring and early summer of 2020; (2) publications and data about COVID-19 from governmental agencies; and (3) court transcripts from *Plata v. Newsom*, N.D. Cal. No. 01-cv-1351. Defendants seek to use the news articles and COVID-19 data to support their position that their actions were reasonable, considering their knowledge at the time. Similarly, Defendants rely on the court transcripts in support of their argument that the Federal Receiver directed or oversaw the challenged actions. Defendants' knowledge and the Receiver's involvement are key factual disputes in this case, and it would be inappropriate for us to take judicial notice of such disputed facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))). To the extent Defendants rely on the documents for other reasons, we deny the request to take judicial notice because the documents are "not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010). Defendants' request for judicial notice is accordingly denied.

**REVERSED IN PART.**